E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5564
     Facsimile: (213) 894-2927
     E-mail:    david.lachman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
12/15/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ____MMC____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>                v.<br><br>STEVE JAIMES,<br><br>           Defendant. | No. CR 2:24-CR-00745-JWH<br><br>PLEA AGREEMENT FOR DEFENDANT STEVE JAIMES |

     1.   This constitutes the plea agreement between STEVE JAIMES ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the

1  form attached to this agreement as Exhibit A or a substantially
2  similar form, which charges defendant with distribution of N-phenyl-
3  N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a
4  Schedule II narcotic drug controlled substance, in violation of 21
5  U.S.C. §§ 841(a)(1), (b)(1)(C).
6          b.   Not contest facts agreed to in this agreement.
7          c.   Abide by all agreements regarding sentencing contained
8  in this agreement.
9          d.   Appear for all court appearances, surrender as ordered
10 for service of sentence, obey all conditions of any bond, and obey
11 any other ongoing court order in this matter.
12         e.   Not commit any crime; however, offenses that would be
13 excluded for sentencing purposes under United States Sentencing
14 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
15 within the scope of this agreement.
16         f.   Be truthful at all times with the United States
17 Probation and Pretrial Services Office and the Court.
18         g.   Pay the applicable special assessment at or before the
19 time of sentencing unless defendant has demonstrated a lack of
20 ability to pay such assessments.
21                         THE USAO'S OBLIGATIONS
22     3.   The USAO agrees to:
23         a.   Not contest facts agreed to in this agreement.
24         b.   Abide by all agreements regarding sentencing contained
25 in this agreement.
26         c.   At the time of sentencing, provided that defendant
27 demonstrates an acceptance of responsibility for the offense up to
28 and including the time of sentencing, recommend a two-level reduction

2

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

    d.  Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 25 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of the crime charged in count one of the information, that is, distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), the following must be true: (1) defendant knowingly distributed fentanyl; and (2) defendant knew that it was fentanyl or some other federally controlled substance.

## PENALTIES

5.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C): twenty years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.  Defendant understands that, if the Court imposes a term of imprisonment for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), the Court must impose a statutory mandatory minimum of at least a three-year period of supervised release to follow a term of imprisonment.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total time of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

4

10.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.  Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about March 16, 2023, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally

distributed fentanyl, a Schedule II narcotic drug controlled substance.  At all relevant times, defendant knew that the substance he distributed was fentanyl.

Specifically, during the weeks of March 6 and March 13, 2023, a drug broker in Mexico arranged to sell 10,000 fentanyl pills for $4,800 to a purported drug buyer who, in fact, was a confidential source ("CS-1") working on behalf of law enforcement.  On March 15, 2023, the drug broker confirmed that the transaction would take place on March 16, 2023, stated that he would provide CS-1's phone number to the courier who would deliver the fentanyl pills, and instructed CS-1 to give $3,300 to the courier and transfer the remaining $1,500 to one of the drug broker's associates.  On March 16, 2023, defendant called CS-1 to coordinate the fentanyl sale, which defendant and CS-1 agreed would take place later that day in Downey, California.  CS-1 told defendant that one of CS-1's associates, who in fact was another confidential source ("CS-2") working on behalf of law enforcement, would meet defendant to pick up the fentanyl.  At approximately 1:08 p.m. on March 16, 2023, defendant arrived at the agreed-upon location and gave CS-2 a brown box containing approximately 10,000 fentanyl pills.  In exchange, CS-2 gave defendant $3,300 in cash and transferred the remaining $1,500 to one of the drug broker's associates.  In total, defendant distributed approximately 1,001 grams of a mixture or substance containing a detectable amount of fentanyl.

## SENTENCING FACTORS

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures

6

under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

13.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 30 | U.S.S.G. §§ 2D1.1(a)(5), (c)(5) |
| Minor participant: | -2 | U.S.S.G. § 3B1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION; WAIVER OF COLLATERAL ATTACK</u>

  17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 25 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing

conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 25 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have

cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this

1  paragraph does not affect defendant's and the USAO's obligations not
2  to contest the facts agreed to in this agreement.
3      26.  Defendant understands that even if the Court ignores any
4  sentencing recommendation, finds facts or reaches conclusions
5  different from those agreed to, and/or imposes any sentence up to the
6  maximum established by statute, defendant cannot, for that reason,
7  withdraw defendant's guilty plea, and defendant will remain bound to
8  fulfill all defendant's obligations under this agreement.  Defendant
9  understands that no one -- not the prosecutor, defendant's attorney,
10 or the Court -- can make a binding prediction or promise regarding
11 the sentence defendant will receive, except that it will be within
12 the statutory maximum.

NO ADDITIONAL AGREEMENTS

14     27.  Defendant understands that, except as set forth herein,
15 there are no promises, understandings, or agreements between the USAO
16 and defendant or defendant's attorney, and that no additional
17 promise, understanding, or agreement may be entered into unless in a
18 writing signed by all parties or on the record in court.
19 //
20 //

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*/s/ David Lachman*                                     12/10/2024
DAVID C. LACHMAN                                        Date
Assistant United States Attorney

*/s/ Steve Jaimes*                                      12/09/2024
STEVE JAIMES                                            Date
Defendant

*/s/ Elena Sadowsky*                                    12/10/24
ELENA SADOWSKY                                          Date
Deputy Federal Public Defender
Attorney for Defendant
STEVE JAIMES

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    12/09/2024
STEVE JAIMES                          Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am STEVE JAIMES's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     12/10/24
ELENA SADOWSKY                       Date
Deputy Federal Public Defender
Attorney for Defendant
STEVE JAIMES